IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Criminal No. 3:12-CR-159-D(01) |
| | § | |
| DAVID KEVIN LEWIS, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

A jury convicted defendant David Kevin Lewis ("Lewis") of the offenses of conspiracy to commit securities fraud, in violation of 18 U.S.C. § 371, and securities fraud, in violation of 15 U.S.C. §§ 77q(a) and 77x (including as an aider and abettor, under 18 U.S.C. § 2). Lewis testified at trial. Because the court finds that Lewis committed perjury during his testimony, the court adds two levels to the advisory guideline offense level for obstruction of justice, and it enters these tentative findings in support of this determination.[1]

---

[1] The court typically issues in advance of preparation of the presentence report ("PSR") a tentative ruling concerning obstruction of justice based on perjured trial testimony. Here, however, the court deferred issuing tentative findings due to defendant's pending Fed. R. Crim. P. 29 motion for judgment of acquittal and alternative Rule 33 motion for a new trial. In the meantime, the government filed on October 25, 2013 a motion for a two-level guideline enhancement under U.S.S.G. § 3C1.1, Lewis filed a response to the government's motion on November 7, 2013, and the PSR contains at ¶ 43 a two-level increase in the base offense level under U.S.S.G. §3C1.1 and 2 for obstruction of justice on the basis that the defendant testified untruthfully at trial. Under the circumstances, rather than address the government's motion and Lewis' response, the court has made an independent evaluation of Lewis' trial testimony and is entering these tentative findings, to which Lewis may make objections at the sentencing hearing.

I

U.S.S.G. § 3C1.1 provides that the offense level shall be increased two levels "[i]f (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the . . . prosecution . . . of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct[.]"  "Though the court may not penalize a defendant for denying his guilt as an exercise of his constitutional rights, a sentence may be enhanced if the defendant commits perjury."  *United States v. Como*, 53 F.3d 87, 89 (5th Cir. 1995) (citing *United States v. Laury*, 985 F.2d 1293, 1308 (5th Cir.1993)).  Under the Sentencing Guidelines, the court is required to enhance a sentence upon a proper determination that the accused committed perjury.  *United States v. Humphrey*, 7 F.3d 1186, 1191 (5th Cir. 1993) ("If the district court finds that [the defendant] did commit perjury, it must impose a two-level enhancement of his sentence."); *United States v. Butler*, 988 F.2d 537, 544 (5th Cir. 1993).[2]

According to the application notes, this enhancement applies to "committing, suborning, or attempting to suborn perjury."  U.S.S.G. § 3C1.1, comment n. 4(b) (Nov. 1, 2013 Manual).  Federal law defines perjury as giving false testimony concerning a material matter with the willful intent to provide false testimony rather than as a result of confusion,

---

[2]The court recognizes that the Guidelines are advisory.  But "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range," and "the Guidelines should be the starting point and the initial benchmark."  *Gall v. United States*, 552 U.S. 38, 49 (2007).

mistake, or faulty memory. *See United States v. Dunnigan*, 507 U.S. 87, 94 (1993) (citing 18 U.S.C. § 1621(1)). Nevertheless, "not every accused who testifies at trial and is convicted will incur an enhanced sentence under § 3C1.1 for committing perjury." *Id.* at 95. Because there are reasons why a defendant may testify falsely without committing perjury, *see* U.S.S.G. § 3C1.1, comment n.2 (Nov. 1, 2013 Manual), "if a defendant objects to a sentence enhancement resulting from [his] trial testimony, a district court must review the evidence and make independent findings necessary to establish a willful impediment to or obstruction of justice, or an attempt to do the same, under the perjury definition [the Supreme Court has] set out." *Dunnigan*, 507 U.S. at 95. "[I]t is preferable for a district court to address each element of the alleged perjury in a separate and clear finding." *Id.*; *United States v. Como*, 53 F.3d 87, 89 (5th Cir. 1995) (preferred course is to make clear finding on each element of the alleged perjury). "The district court's determination that enhancement is required is sufficient, however, if . . . the court makes a finding of an obstruction of, or impediment to, justice that encompasses all of the factual predicates for a finding of perjury." *Dunnigan*, 507 U.S. at 95.

Factual determinations at sentencing are made according to U.S.S.G. § 6A1.3(a). "[T]he court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information had sufficient indicia of reliability to support its probable accuracy." *United States v. Bermea*, 30 F.3d 1539, 1576 (5th Cir. 1994). The preponderance of the evidence standard applies to such determinations. *See United States v. Mergerson*, 995 F.2d 1285, 1291 (5th Cir. 1993) (holding that it is well

established in this circuit that, as a general matter, the burden of proof at sentencing is by a preponderance of the evidence).

II

The court enters these tentative findings in support of its determination that Lewis committed perjury during his trial testimony.[3]

Using a preponderance of the evidence standard, and based upon the evidence adduced at trial, including defendant Lewis' testimony, the court finds that at least the following testimony[4] constituted (1) false testimony by Lewis, (2) given under oath at trial, (3) concerning a material matter, (4) that Lewis did not believe to be true, and (5) that he gave with the willful intent to provide false testimony rather than as a result of confusion, mistake, or faulty memory. The court finds that Lewis gave this testimony willfully to obstruct or impede, or attempt to obstruct or impede, the administration of justice during the prosecution of the instant offense.

The testimony on which the court bases the perjury enhancement is as follows:

---

[3]In response to certain questions, Lewis testified that he was not guilty.

> Q. "[T[his offense that you're charged in court today, are you guilty of this?
> A. Oh, no, sir, I am not.

Tr. 4B:5. None of the court's findings is based on an answer by Lewis (even though given under oath) that can be said to reflect a plea of not guilty to a charge. The court is treating this type of testimony as a protected "Not Guilty" plea rather than perjured testimony.

[4]This list is only intended to support the court's perjury enhancement and not to be exhaustive.

- 4 -

(1) that before the Rattlesnake Springs offering memorandum was generated, he had never seen it before, and that he had absolutely nothing to do with putting it together;

(2) that he insisted that they take all of Lewis' information out of the offering memorandum;

(3) that he did not ever have anything to do with the Rattlesnake Springs 20 well project and had nothing to do with Rattlesnake Springs;

(4) that he had never before seen the Rattlesnake Springs development prospectus and did not have anything to do with putting that prospectus together; and

(5) that he never had anything to do with selling any interests in any of these ACI projects to investors.

III

Any objections to these tentative findings must be made at the sentencing hearing.

**SO ORDERED**.

December 9, 2013.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE