IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | Criminal No. 3:12-CR-159-D(01) |
| § | |
| DAVID KEVIN LEWIS, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

Defendant David Kevin Lewis ("Lewis") moves for a reduction of his sentence under 18 U.S.C. § 3582(c)(1)(A) and Amendment 814 to the United States Sentencing Guidelines. For the following reasons, the court denies the motion.

I

Lewis was convicted by a jury of one count of conspiracy to commit securities fraud, in violation of 18 U.S.C. § 371 (15 U.S.C. §§ 77q(a) and 77x), and 23 counts of securities fraud and aiding and abetting, in violation of 15 U.S.C. §§ 77q(a) and 77x and 18 U.S.C. § 2. On January 24, 2014 the court sentenced him to 60 months' imprisonment on each count, with the sentences of imprisonment on counts 1-6 running consecutively to each other, and the sentences of imprisonment on counts 7-24 running concurrently with each other, for a total sentence of 360 months' imprisonment to be followed by 3 years of supervised release. Lewis appealed his conviction and sentence, but the Fifth Circuit affirmed. Lewis then filed an untimely motion to vacate under 18 U.S.C. § 2255, which the court dismissed.

On June 18, 2024 Lewis filed the instant motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. Amendment 814.  On July 1, 2024 the court ordered the government to file a response to Lewis' motion.  When the government failed to do so, the court again ordered it to respond, which it did on August 21, 2024.  After obtaining an extension of time, Lewis filed his reply on September 17, 2024.  Lewis' motion is now ripe for decision.

II

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed.  *See* 18 U.S.C. § 3582(c).  But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the [Bureau of Prisons ("BOP")] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); *see also id.* at 693 n.1.[1]  When deciding whether to modify a term of imprisonment, the court must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable."  18 U.S.C. § 3582(c)(1)(A).  Of course, it is now well settled that "neither the

---

[1]Lewis contends that on December 5, 2023 he submitted a request to the warden at FCI-Thomson, that the warden has not responded, and that more than 30 days have elapsed since he submitted the request.  Lewis also attaches to his motion what appears to be his December 5, 2023 request.  The court will assume *arguendo* that Lewis has exhausted his administrative remedies, as required under 18 U.S.C. § 3582(c)(1)(A).

- 2 -

policy statement" of the Sentencing Commission "nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). To be clear, the court does *not* consider itself to be bound by U.S.S.G. § 1B1.13 in deciding this § 3582(c)(1)(A) motion brought by a prisoner.

## III

### A

Lewis seeks a sentence reduction based on changes in the applicable law and circumstances that he maintains are extraordinary and compelling. He contends that he is now 63 years old and will be 77 when he is released from custody; that during his ten years in custody his conduct has been "exemplary" and he has participated in a wide range of programs to become a better person; that the conditions of confinement at FCI-Thomson, where he is currently housed, are harsh because inmates are "packed in like sardines" and "the noise is mind-numbing," D. Mot. 10; that living in prison during the COVID-19 pandemic was "extremely difficult," *id.*; that his sentence is unusually long and resulted from several errors[2] that produced an "excessive sentence . . . that would not be imposed if he was sentenced today," *id.* at 12; that he was assessed 2 criminal history points for being under a criminal justice sentence at the time of the offense, but under U.S.S.G. Amendment 821, these two points are no longer applicable; that although he did not accept responsibility for

---

[2] In his motion, Lewis contends that he "will discuss these errors not in an effort to challenge their legitimacy, but rather in the hope that pointing out the perceived errors will assist the Court in finding that Lewis has presented extraordinary and compelling reasons that warrant a reduction in his sentence." D. Mot. 12.

his crime, he "would like the Court to know that he now fully understands exactly why he was found guilty and how his actions violated the law," *id.* at 17; and that if he were sentenced today, with a total offense level of 32 and a criminal history category IV, he would have a guideline range that is significantly different from the one under which he was sentenced.

B

The court is not convinced that Lewis' age, conduct while in custody, rehabilitation efforts, or the conditions of confinement at FCI-Thomson or during the COVID-19 pandemic, are extraordinary and compelling reasons that warrant a sentence reduction.

To the extent that Lewis seeks a sentence reduction based on the retroactive portions of U.S.S.G. Amendment 821, the government is correct that Lewis should have pursued relief under 18 U.S.C. § 3582(c)(2) rather than under § 3582(c)(1)(A). But even if the court were to treat Lewis' motion as having been filed under § 3582(c)(2), it would still deny the motion because, even if Lewis received 1 criminal history point under U.S.S.G. § 4A1.1(e) rather than 2, he would still be in criminal history category V.

To the extent that Lewis seeks a reduction in sentence based on "errors that resulted in what [he] would assert is an excessive sentence,"³ D. Mot. 12, he appears to recognize that

---

³Lewis contends that he should not have received 2 additional criminal history points for violating a prior judicial order because the prior judicial order that was violated in this case was addressed elsewhere; that the court should not have applied a 4-level increase based on the PSR's finding that Lewis "should have been" a registered broker or dealer; that applying the 4-level "registered broker or dealer" enhancement and a 2-level "sophisticated means" enhancement appears to be redundant; and that he was assessed 6 criminal history

the proper vehicle for challenging the legality of a sentence after the expiration of the period for filing a direct appal is a motion to vacate sentence under 28 U.S.C. § 2255.  In fact, it is settled that this circuit follows a "habeas-channeling rule" that "forecloses using compassionate release to correct sentencing errors." *United States v. Escajeda*, 58 F.4th 184, 187 (5th Cir. 2023) (citation omitted).  As *Escajeda* teaches, such "claims are the province of direct appeal or a § 2255 motion, not a compassionate release motion." *Id.*

Lewis contends that he "is not challenging his conviction or sentence," D. Reply 1 (capitalization omitted), but is instead pointing to mistakes in the calculation of his guideline range that "resulted in [his] receiving an unusually long sentence," that "would not 'likely be imposed today.'"[4] *id.* at 3-4 (quoting U.S.S.G. § 1B1.13(b)(6).  The court declines to grant relief under this guideline for at least two reasons: there is no change in the law that has produced a *gross disparity* between the sentence being served and the sentence likely to be imposed at the time the motion was filed, and "after full consideration of the defendant's

---

points for what should have been treated as a single prior sentence.

[4]U.S.S.G. § 1B1.13(b)(6), on which Lewis relies, provides that if

> a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

individualized circumstances"—as evidenced by today's decision—the court finds that Lewis' sentence should not be reduced.

Because the court concludes below that Lewis' motion should be denied after considering the § 3553(a) factors, it will assume *arguendo* that he has shown an extraordinary and compelling reason. *See, e.g.*, *United States v. Rudzavice*, 831 Fed. Appx. 731, 732 (5th Cir. 2020) (per curiam) (declining to decide whether risk of reinfection during COVID-19 pandemic constituted extraordinary and compelling reason for compassionate release because district court did not abuse its discretion by concluding that defendant remained danger to safety of others and that his immediate release would not be in the interest of justice and would minimize the seriousness of his crimes).

IV

The court now considers the § 3553(a) factors. As noted, when deciding whether to modify a term of imprisonment, the court must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A); *see also Shkambi*, 993 F.3d at 393 ("The district court on remand is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)."). Under § 3553(a)(2), the court can consider such factors as "the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant[.]" "[C]onsideration of the pertinent § 3553(a) factors functions as a reliable cross-check against (and can result in the veto of) the preliminary

conclusion that there are extraordinary and compelling reasons to reduce [a defendant's] sentence." *United States v. Rainwater*, 2021 WL 1610153, at *3 (N.D. Tex. Apr. 26, 2021) (Fitzwater, J.). "When a district court denies a motion for compassionate release, it must give '"specific factual reasons" for its decision.'" *United States v. Stanford*, 79 F.4th 461, 463 (5th Cir. 2023) (quoting *United States v. Handlon*, 53 F.4th 348, 351 (5th Cir. 2022)).

In this case, Lewis is currently serving a 360-month sentence for committing a very serious federal offense involving numerous acts of fraud over a period of several years. At trial, he was convicted of defrauding at least 23 different investors out of large sums of money ranging from $25,000 to $100,000. The actual loss was determined to be $2,556,543.52. Lewis did not accept responsibility for his criminal conduct, and he committed perjury during his trial testimony. Until the instant motion, he has denied his guilt. At the time of sentencing, he fell into criminal history category V, based in part on two prior federal felony convictions involving fraud in the oil and gas industry. One of these felonies was for securities fraud. So the instant conviction was his *second* federal securities conviction and his *third* federal felony conviction. Although the court sentenced him to 360 months' imprisonment, his advisory guideline range was actually considerably higher—360 months to life—and he benefited from the court's decision to sentence him at the bottom of the range. Lewis is not eligible for release from prison until August 15, 2038, and if the court grants his motion, it will be ordering him released more than *13 years* before he would otherwise be eligible. In the court's view, the sentence that the court originally imposed is required to reflect the seriousness of the offense, to promote respect for the law, and to

provide just punishment for the offense, and to afford adequate deterrence to criminal conduct. Consideration of the remaining factors does not persuade the court that a lower sentence would be sufficient, but not greater than necessary, to comply with the purposes set forth in § 3553(a)(2). *See Chambliss*, 948 F.3d at 694 (holding that district court did not abuse its discretion in denying compassionate release on grounds that, inter alia, "'requiring [defendant] to serve the remainder of his sentence would 'provide just punishment for the offense' and 'afford adequate deterrence to criminal conduct.'").

Weighing the pertinent § 3553(a) factors together, the court concludes that Lewis' sentence should not be reduced under 18 U.S.C. § 3582(c)(1)(A). *See, e.g., United States v. Samak*, 832 Fed. Appx. 330, 331 (5th Cir. 2020) (per curiam) (affirming denial of motion for compassionate release and holding that district court did not abuse its discretion when it "specifically cit[ed] the nature of [defendant's] offense conduct, the need for the sentence imposed to reflect the seriousness of the offense, the need to protect the public, and the need to afford adequate deterrence to criminal conduct").

\* \* \*

Accordingly, Lewis' June 18, 2024 motion for a reduction of sentence under 18 U.S.C. § 3582(c)(1)(A) is denied.

**SO ORDERED**.

October 28, 2024.

SIDNEY A. FITZWATER
SENIOR JUDGE