IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Criminal No. 3:12-CR-159-D(01) |
| VS. | § | |
| | § | |
| DAVID KEVIN LEWIS, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant David Kevin Lewis ("Lewis") moves under Fed. R. Crim. P. 36 to correct the presentence investigation report ("PSR") that the United States Probation Office submitted in this case. For the reasons explained below, the court denies the motion.

I

Lewis was convicted by a jury of one count of conspiracy to commit securities fraud and 23 counts of securities fraud and aiding and abetting. The court sentenced him to a total term of 360 months' imprisonment to be followed by three years of supervised release. The court also ordered him to pay restitution in the amount of $2,556,543.52, jointly and severally with his codefendants. The Fifth Circuit affirmed his conviction. This court then dismissed his untimely motion to vacate under 28 U.S.C. § 2255 and denied his subsequent post-judgment motion for a reduction of sentence under 18 U.S.C. § 3582(c)(1)(A) and Amendment 814 to the United States Sentencing Guidelines. Lewis now requests the court to correct "two technical errors" in his PSR under Rule 36. Mot. at 1.

II

Rule 36 provides that a district court "may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36; *see also United States v. Willis*, 76 F.4th 467, 472 (5th Cir. 2023). It applies "[w]here the record makes it clear that an issue was actually litigated and decided but was incorrectly recorded in or inadvertently omitted from the judgment[.]" *United States v. Cooper*, 979 F.3d 1084, 1089 (5th Cir. 2020) (citation and internal quotation marks omitted). Relief is appropriate only when "the court intended one thing but by merely clerical mistake or oversight did another." *United States v. Buendia-Rangel*, 553 F.3d 378, 379 (5th Cir. 2008) (per curiam) (citation and internal quotation marks omitted).

III

Lewis complains that his official name in the Bureau of Prisons ("BOP") is incorrectly listed as "David Shane Lewis" rather than his legal name, "David Kevin Lewis." Mot. at 3. Instead of pursuing internal BOP administrative remedies to correct his name, Lewis attributes the name used by the BOP to an error in the PSR. Moreover, he admits that he "cannot cite the specific location of the error." *Id.* The court has found no such clerical error. Further, to the extent the PSR lists "David Shane Lewis" as one of Lewis' aliases, Lewis cites nothing in the record that clearly shows that the issue of his alias "was actually litigated and decided but was incorrectly recorded in or inadvertently omitted from" the PSR. *Cooper*, 979 F.3d at 1089 (citation and internal quotation marks omitted).

Lewis also asks the court to correct his criminal history score. He states that, in its response to his prior motion for a sentence reduction, the government "conceded that [his] prior felony conviction should have been treated as a single prior conviction as the two cases were consolidated." Mot. at 3. Even if the court assumes that Lewis is correct, he again fails to show that the alleged error in the calculation of his criminal history score "was actually litigated and decided but was incorrectly recorded in or inadvertently omitted from" the PSR. *Cooper*, 979 F.3d at 1089 (citation and internal quotation marks omitted).

Accordingly, because Lewis has failed to identify a clerical error or error arising from oversight or omission that is remediable under Rule 36, the court denies his motion.

**SO ORDERED**.

October 19, 2026.

SIDNEY A. FITZWATER
SENIOR JUDGE